IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD LEE ARNOLD, #49044-044, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 21-cv-01192-JPG |
| ) | |
| USP MARION and FBOP, ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Ronald Arnold is an inmate in the custody of the Federal Bureau of Prisons ("BOP") and is currently confined at the United States Penitentiary located in Marion, Illinois ("USP-Marion"). He brings this action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), for alleged violations of his constitutional rights by persons acting under color of federal authority. (Doc. 1, pp. 1-4). In the Complaint, Plaintiff claims he suffers from several chronic health conditions, including obesity, high cholesterol, and high blood pressure, that put him at risk of heart attack, stroke, or death if he contracts COVID-19. (*Id*.). Even so, he was housed in L-Block during a COVID-19 outbreak and subjected to overcrowded living conditions without personal protective equipment. (*Id*.). He is still housed there. (*Id*.). Plaintiff characterizes his 120-month sentence as a "death sentence" in these conditions. (*Id*. at 2). He brings this action for money damages and unspecified injunctive relief[1] against USP-Marion and the BOP for negligence, medical malpractice, and Eighth Amendment violations. (*Id*.).

---

[1] The Court interprets this request for unspecified injunctive relief as one for injunctive relief *at the close of the case*. If interim relief is necessary, Plaintiff may file a motion for temporary restraining order and/or preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a) or (b) describing the exact relief he seeks and the facts that support his request for relief.

1

The Complaint is subject to review under 28 U.S.C. § 1915A.  Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims.  28 U.S.C. § 1915A(a).  Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed.  28 U.S.C. § 1915A(b).  At this juncture, the factual allegations are liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Discussion

Based on the allegations, the Court finds it convenient to designate two counts in the *pro se* Complaint:

> **Count 1:**  Eighth Amendment claim against Defendants for subjecting Plaintiff to overcrowded living conditions at USP-Marion that pose a substantial risk of serious harm to his health and safety in light of his chronic health conditions and the ongoing COVID-19 pandemic.
>
> **Count 2:**  Negligence claim against Defendants for subjecting Plaintiff to overcrowded living conditions at USP-Marion that pose a substantial risk of serious harm to his health and safety in light of his chronic health conditions and the ongoing COVID-19 pandemic.

**Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

## Count 1

*Bivens* provides an implied damages remedy for a limited set of constitutional deprivations caused by persons acting under color of federal authority.  *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).  In *Ziglar v. Abbasi*, 137 U.S. 1843 (2017), the Supreme Court made clear that federal courts should not expand this remedy into contexts not already officially recognized by the Supreme Court, unless certain "special factors" counsel otherwise.  *Ziglar*, 137 U.S. at

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

1859-60.  The Court cited three instances in which a *Bivens* remedy has been recognized against federal officials: (1) Fourth Amendment claims involving unlawful searches and seizures; (2) Fifth Amendment due process claims involving gender discrimination; and (3) Eighth Amendment claims for inadequate medical treatment.  *Id*. at 1854-55 (citations omitted).

Count 1 arises under the Eighth Amendment, but it cannot proceed against either defendant, even if it may proceed post-*Abbasi*.  This is because neither defendant is an *individual* federal agent, and *Bivens* only offers a damages remedy for certain constitutional violations against *individual* officers.  *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 71 (2001).  This damages remedy does not extend to the employers of individual federal agents.  *Id*. at 71-72 & n.2; *See Holz v. Terre Haute Reg'l Hosp.*, 123 F. Appx. 712 (7th Cir. 2005); *Muick v. Glenayre Elec.*, 280 F.3d 741, 742 (7th Cir. 2002); *F.D.I.C. v. Meyer*, 510 U.S. 471 (1994) ("An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself.").  Therefore, Count 1 shall be dismissed without prejudice for failure to state a claim for relief.

**Count 2**

The Court's jurisdiction over the related state law claims is conferred by 28 U.S.C. § 1367, which authorizes a district court to exercise supplemental jurisdiction over state law claims when they "are so related to [the federal claims] that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  When a district court dismisses all claims over which it has original jurisdiction, the district court has discretion to either retain jurisdiction over the supplemental claim or dismiss it.  28 U.S.C. § 1367(c)(3); *Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 717 (7th Cir.), *cert. denied*, 525 U.S. 870 (1998).  Generally, the pendent state law claim is dismissed.  28 U.S.C. § 1367(c)(2), (3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988).  The Court will follow the general

rule here. Count 2 shall be dismissed without prejudice to Plaintiff re-pleading this claim in this or another action in federal or state court.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) is **DISMISSED** without prejudice. **COUNT 1** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted, and **COUNT 2** is **DISMISSED** without prejudice because the Court declines to exercise supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367(c)(2), (3).

If he wishes to re-plead any of the claims in this case, Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **December 22, 2021**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

If he does choose to proceed, it is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 21-cv-01192-JPG). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider along with it. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint.  28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 11/22/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**