IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD LEE ARNOLD, #49044-044, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> USP MARION, ) <br> WARDEN SPROUT, ) <br> and FBOP, ) <br> ) <br> Defendants. ) | Case No. 21-cv-01192-JPG |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

This matter is now before the Court for consideration of the First Amended Complaint filed by Plaintiff Ronald Arnold on December 2, 2021. (Doc. 13). Plaintiff is an inmate in the custody of the Federal Bureau of Prisons (FBOP), and he is confined at the United States Penitentiary located in Marion, Illinois (USP-Marion). In the First Amended Complaint, Plaintiff claims that he was forced to live in an illegal 3-man cell during the COVID-19 pandemic. (*Id*. at 6). As a result, he developed COVID-19 on November 20, 2020. Plaintiff blames overcrowded living conditions during the pandemic for his illness. He names the Federal Bureau of Prisons (FBOP), the prison (USP-Marion), and Warden Sproul as the only defendants in this action for money damages brought pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

The First Amended Complaint is subject to review under 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the amended complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant

1

must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Discussion

Based on the allegations summarized above, the Court designates two counts in the *pro se* First Amended Complaint:

**Count 1:** Eighth Amendment claim against Defendants for subjecting Plaintiff to overcrowded living conditions, *i.e.*, 3-man cells, at USP-Marion in the ongoing COVID-19 pandemic that put his health in jeopardy and caused him to develop COVID-19 on or around November 20, 2020.

**Count 2:** Medical negligence claim against Defendants for subjecting Plaintiff to overcrowded living conditions, *i.e.*, 3-man cells, at USP-Marion in the ongoing COVID-19 pandemic that put his health in jeopardy and caused him to develop COVID-19 on or around November 20, 2020.

**Any claim that is mentioned in the First Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

As explained in this Court's Order Dismissing Complaint (Doc. 12), *Bivens* provides an implied damages remedy for a limited set of constitutional deprivations caused by persons acting under color of federal authority, and federal courts cannot expand the remedy into new contexts unless special factors counsel otherwise. (*See id.*) (citing *Ziglar v. Abbasi*, 137 U.S. 1843 (2017); *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971)). The Supreme Court has recognized a *Bivens* remedy against federal officials in only three contexts to date: (1) Fourth Amendment claims involving unlawful searches and seizures; (2) Fifth Amendment due process claims involving gender discrimination; and (3) Eighth Amendment claims for inadequate medical treatment. *Ziglar v. Abbasi*, 137 U.S. at 1854-55 (citations omitted).

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Even if the *Bivens*-style remedy is available for these claims, Counts 1 and 2 still do not survive preliminary review. Plaintiff names three defendants in connection with his claims: the FBOP, USP-Marion, and Warden Sproul.

His claims for money damages against USP-Marion and FBOP fail because *Bivens* offers a damages remedy for certain constitutional violations against *individual* officers. *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 71 (2001). The prison and FBOP are not "individual" federal officers, and this damages remedy does not extend to employers of individual federal agents. *Id*. at 71-72 & n.2; *See Holz v. Terre Haute Reg'l Hosp.*, 123 F. Appx. 712 (7th Cir. 2005); *Muick v. Glenayre Elec.*, 280 F.3d 741, 742 (7th Cir. 2002); *F.D.I.C. v. Meyer*, 510 U.S. 471 (1994) ("An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself."). Counts 1 and 2 shall be dismissed with prejudice against both of these defendants, to the extent Plaintiff seeks money damages against them.

His claim against Warden Sproul likewise fails. The warden is the only individual federal agent named in connection with both claims. However, Plaintiff sets forth no allegations against this defendant. He identifies the warden as a defendant in the case caption and in the list of defendants and adds that "Warden Sprout acts under the color of law at USP-Marion." (Doc. 13, p. 1). While that may be true, it is not enough to support an Eighth Amendment deliberate indifference claim or an Illinois medical negligence claim against this individual. It has long been held that a plaintiff cannot articulate a claim against a defendant by naming him as a party to the action. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). He must provide some factual underpinning for his claim(s) against each individual defendant. FED. R. CIV. P. 8(a)(2). Because Plaintiff has stated no facts in support of either claim, Counts 1 and 2 shall be dismissed without prejudice against the warden for failure to state a claim for relief.

**Disposition**

**IT IS ORDERED** that the First Amended Complaint (Doc. 13) is **DISMISSED** without prejudice for failure to state a claim for relief against the defendants.  **COUNT 1** is **DISMISSED** with prejudice against **USP-MARION** and **FBOP** and is **DISMISSED** without prejudice against **WARDEN SPROUL**.  **COUNT 2** is **DISMISSED** without prejudice against all three defendants on the same grounds.

If he wishes to re-plead any of the claims in this case, Plaintiff is **GRANTED** leave to file a "Second Amended Complaint" on or before **March 15, 2022**.  Should Plaintiff fail to file his Second Amended Complaint within the allotted time or consistent with the instructions in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims.  FED. R. CIV. P. 41(b).  *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamming*a, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).  The dismissal shall also count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

If he does choose to proceed, it is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District.  He should label the form, "Second Amended Complaint," and he should use the case number for this action (No. 21-cv-01192-JPG).  To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  Therefore, the Second Amended Complaint must stand on its own without reference to any previous pleading.  Plaintiff must re-file any exhibits he wishes the Court to consider along with it.  The Second Amended Complaint is subject to screening under § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a Second Amended Complaint.  28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 2/15/2022**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
