# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **RONALD LEE ARNOLD, #49044-044,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 21-cv-01192-JPG** |
| | ) | |
| **USP MARION,** | ) | |
| **WARDEN SPROUL,** | ) | |
| **and FBOP,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM & ORDER</u>

**GILBERT, District Judge:**

This matter is now before the Court for consideration of the Second Amended Complaint filed by Plaintiff Ronald Arnold on February 24, 2021. (Doc. 15). Plaintiff claims that he was forced to live in an illegal 3-man cell at the United States Penitentiary located in Marion, Illinois (USP-Marion), during the COVID-19 pandemic. (*Id.*). As a result, he contracted the virus on November 20, 2020. (*Id.*). Plaintiff blames overcrowded living conditions for his illness. (*Id.*). He names the Federal Bureau of Prisons (FBOP), the prison (USP-Marion), and Warden Sproul in connection with a request for money damages made pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

The Second Amended Complaint is subject to review under 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the amended complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

## Discussion

Based on these allegations, the Court designates the following two counts in the *pro se* Second Amended Complaint:

**Count 1:**  Eighth Amendment claim against Defendants for subjecting Plaintiff to overcrowded living conditions, *i.e.*, 3-man cells, at USP-Marion in the ongoing COVID-19 pandemic that put his health in jeopardy and caused him to develop COVID-19 on or around November 20, 2020.

**Count 2:**  Medical negligence claim against Defendants for subjecting Plaintiff to overcrowded living conditions, *i.e.*, 3-man cells, at USP-Marion in the ongoing COVID-19 pandemic that put his health in jeopardy and caused him to develop COVID-19 on or around November 20, 2020.

**Any claim that is mentioned in the Second Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.[1]**

As explained in this Court's Order Dismissing Complaint (Doc. 12) and again in the Order Dismissing First Amended Complaint (Doc. 14), *Bivens* provides an implied damages remedy for a limited set of constitutional deprivations caused by persons acting under color of federal authority, and federal courts cannot expand the remedy into new contexts unless special factors counsel otherwise. *Id*. (citing *Ziglar v. Abbasi*, 137 U.S. 1843 (2017); *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971)).  The Supreme Court has recognized a *Bivens* remedy against federal officials in only three contexts to date: (1) Fourth Amendment claims involving unlawful searches and seizures; (2) Fifth Amendment due process claims involving gender discrimination; and (3) Eighth Amendment claims for inadequate medical treatment. *Ziglar v. Abbasi*, 137 U.S. at 1854-55 (citations omitted).  However, the Supreme Court recently emphasized that "in all but the most unusual circumstances, prescribing a cause of action is a job for Congress, not the courts." *Egbert v. Boule*, -- S.Ct. --, 2022 WL 2056291, at *3 (June 8, 2022).

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Even if this implied damages remedy is available for the Eighth Amendment claim in Count 1, the allegations state no claim against the FBOP, USP-Marion, or Warden Sproul. *Bivens* encompasses certain constitutional violations against *individual* officers. The FBOP and USP-Marion are not individual officers. *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 71 (2001). For this reason, Count 1 was previously dismissed with prejudice against both defendants, and the allegations against them are the same in both amended complaints. (Docs. 13-15). Warden Sproul is an individual officer, but the warden isn't mentioned in the statement of claim. Plaintiff sets forth no allegations against this defendant. He simply identifies the warden as a party in the case caption and list of defendants. This is not enough to support a claim against this individual. It has long been held that a plaintiff cannot articulate a claim against a defendant by naming him as a party to the action. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). He must provide some factual underpinning for his claim(s) against each individual defendant. FED. R. CIV. P. 8(a)(2). Because Plaintiff has stated no facts in support of a claim against the warden, this defendant shall now be dismissed with prejudice.

The implied damages remedy in *Bivens* does not extend to medical negligence or malpractice in Count 2. *Bivens* applies to certain *constitutional* deprivations. Accordingly, in addition to those reasons cited above, Count 2 shall also be dismissed with prejudice against all of the defendants because *Bivens* does not cover this claim.

### Disposition

**IT IS ORDERED** that the Second Amended Complaint (Doc. 15) is **DISMISSED** with prejudice for failure to state a claim for relief against the defendants. **COUNTS 1** and **2** against Defendants **USP-MARION**, **FBOP,** and **WARDEN SPROUL** are **DISMISSED** with prejudice.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 6/29/2022**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**